### Ernest G. Adams *et al. Tr. vs.* Alida E. S. Whitmarsh *et al.*

JULY 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a suit in equity brought by the complainants as trustees under the will of Samuel S. Sprague, late of Providence, deceased. The bill asks for instructions relative to the disposition of the proceeds of a dividend of $19,353.40, which came into the trust estate in 1936 from a corporation in which the then acting trustee held stock. The cause being ready for hearing for final decree in the superior court was certified by it to this court under the provisions of G. L. 1938, chap. 545, § 7.

The complainants ask whether they should treat the dividend in question as an addition to the *corpus* of the trust estate, or as income of such trust to be paid to the equitable life tenant thereof, or as a fund to be allocated partly to principal and partly to income.

The parties respondent are all the ascertainable living persons who have any interest in the trust in question. The respondent Alida E. S. Whitmarsh is the life tenant of such trust, and all the other respondents are interested in the remainder of the trust after the termination of her life estate. Four minor respondents are represented by a guardian *ad litem,* who also was duly appointed by the superior court as

a representative of contingent interests of persons not in being or not ascertainable.

In her answer to the bill of complaint the life tenant prays that the dividend in question be paid to her as income of the trust. The remaindermen of full age pray that such dividend be added to the principal of the trust, and the guardian *ad litem* and representative of contingent and unascertainable interests submits the interests of those he represents to the protection of the court. Before the cause was certified by the superior court, the testimony of a witness was taken by deposition, and certain exhibits were introduced in evidence at the same time. This witness was an attorney who had for the past ten years been legal adviser to the trustees and to the two corporations hereinafter referred to, and who was also a vice-president and director in each of said corporations. The deposition and exhibits are part of the record before us.

From the evidence it appears that the testator was the father of Alida E. S. Whitmarsh, the life tenant of the trust involved herein. He died November 11, 1896 and his will was duly probated in Providence December 8, 1896. By this will he devised and bequeathed one-fifth of his residuary estate to trustees in trust to "collect and receive the rents, profits, dividends and income thereof from time to time", and "to pay over the net income" therefrom to his daughter, the present life tenant.

On December 28, 1936, part of the trust estate held by the trustees for Alida E. S. Whitmarsh, consisted of 418 shares of the capital stock of Utility Company, a Rhode Island corporation, organized in 1913 by one of the trustees under the testator's will. This corporation, although it had very broad powers under its articles of incorporation, had apparently, according to the contention before us, been conducted as an investing corporation, and not as a trading corporation.

On December 9, 1936, Utility Company owned 426 shares of the capital stock of The Narragansett Association, a Rhode Island corporation incorporated in 1902 by one of the trustees under the testator's will. This last-mentioned corporation was generally similar in the scope of its powers to Utility Company. However, apparently the chief asset of The Narragansett Association was real estate which it owned and managed and which was located in the city of Minneapolis. Of the above-mentioned 426 shares, Utility Company acquired 104 in 1913 in exchange for its own stock at the time of its incorporation. The remainder of the 426 shares Utility Company received in 1922 and in 1930 through stock dividends.

In November 1936, the stockholders of The Narragansett Association voted to liquidate that corporation, and this took place early in December 1936. It would tend to appear from the evidence that, as a result of this liquidation, Utility Company realized a gain on its investment in the stock of The Narragansett Association of $67,734.36. On December 28, 1936, Utility Company paid to its stockholders three dividends, one of which is in question in this cause. That dividend was $46.30 per share, and amounted to $57,736.10 of the above-mentioned gain realized by Utility Company on its stock in The Narragansett Association when the latter liquidated.

As hereinbefore stated, the portion of the dividend of $46.30 which came to the trustees under the trust now being considered, and about which the present controversy exists, amounted to $19,353.40. The trustees of the trust in question, upon advice, allocated the dividend in dispute entirely to the principal of the trust estate, and paid none of it over to the life tenant. Later a question was raised in connection with the matter of federal income taxes, with the result that the present cause was instituted.

The law in relation to the proper application by trustees of an extraordinary cash dividend as between a life tenant

and remaindermen has been discussed at length in many cases. The decisions of the courts are not uniform on the subject and several well-defined rules for governing the action of trustees under such circumstances have been developed. The subject has received consideration by this court in the case of *Rhode Island Hospital Trust Co.* v. *Peckham,* 42 R. I. 365.

The facts disclosed by the evidence indicate that the instant cause is unusual. Counsel have brought to our attention no case and we have found none which deals with a situation precisely similar to that disclosed herein, where the dividend in question is received by trustees from a corporation whose stock they hold, and where such dividend is paid from an amount received by that corporation from stock in another corporation held by it, upon the liquidation of the latter corporation.

Further, such evidence as we have before us tends to show that the two corporations involved in the instant cause, namely, Utility Company and The Narragansett Association, were both organized by persons interested in the administration of the trusts created by the will of Samuel S. Sprague for the purpose of conducting the business of such trusts in a more advantageous manner. Under these circumstances, it seems reasonably clear that those persons in control of the two corporations in question perform their respective duties primarily for the benefit of the trusts. However, the two corporations are separate legal entities, although they and the trustees may function toward a common interest. Finally, it would appear from the record herein that the adverse position of the life tenant is more formal than actual, and there appears to be some inconsistency between the position she apparently took in her answer and the contention of her attorney before us.

With this somewhat unusual situation before us, and in order that we might, if possible, answer the questions pro-

pounded by the trustees in relation to the allocation of the dividend under discussion and instruct them accordingly, we have examined the rather meager evidence which has been submitted to us. After such examination we have come to the conclusion that, in view of such circumstances and conditions, certain additional facts which would appear to be available to the parties in interest should be furnished before a full and complete consideration of the questions presented can be had by us. This could be done by the taking of further testimony, if the parties choose so to do. Such testimony or evidence may be taken in the superior court in any suitable form or manner as the parties may desire or agree upon. Without such additional facts, we find ourselves unable to satisfactorily determine which of the rules of law advanced by the parties in argument should be applied to the existing situation and to answer the questions submitted by the trustees.

Among such possible facts we refer in particular to further evidence concerning the following matters: An explanation of the transaction in 1913, when Utility Company was incorporated, whereby there was an exchange of shares between the two corporations involved herein; some explanation of the method used in arriving at the gain of $67,734.36 hereinbefore referred to; information as to whether or not the officers and stockholders of the two corporations are identical or otherwise; a copy of the vote of the directors of Utility Company declaring the dividend in question; information as to how Utility Company broke down and treated the payment to it by The Narragansett Association when the latter liquidated; and how said proceeds were set up on its books before the dividend we have under consideration was declared.

For the reasons given, we are unable to satisfactorily determine the questions propounded by the request for instructions; and the cause is remanded to the superior court for further proceedings, as indicated, if the parties desire it.

*Gurney Edwards, Henry B. Gardner, Jr., Edwards & Angell,* for complainants.

*Baker & Skinner,* for respondents, Whitmarsh-Phillips and Tolman.

*F. Snowden Skinner,* Guardian *ad litem.*